IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| STEPHEN SWINNEY, individually and in his capacities as Administrator of the estate of Megan Swinney and as next friend of minor child, H.S., <br><br> Plaintiff, <br><br> v. <br><br> MYLAN PHARMACEUTICALS, INC.; VIATRIS SPECIALTY, LLC; and VIATRIS, INC., <br><br> Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

This 15th day of April, 2022.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ C. Bradford Marsh*
C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
The Peachtree, Suite 300
1355 Peachtree St. N.E.
Atlanta, Georgia 30309
Telephone: (404) 888-6151
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

Clem C. Trischler (*pro hac* to be sought)

Jason M. Reefer (*pro hac* to be sought)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
Facsimile: (412) 263-2001
cct@pietragallo.com
jmr@pietragallo.com

*Counsel for Defendants Mylan Pharmaceuticals Inc., Viatris Specialty, LLC, and Viatris Inc.*

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Viatris Inc., Mylan Pharmaceuticals Inc., and Viatris Specialty, LLC (collectively, "Mylan") hereby remove this action from the Superior Court of Murray County, Georgia, to the United States District Court for the Northern District of Georgia. In support of removal, Mylan states further:

## I. BACKGROUND

1. This is a product-liability, wrongful-death action involving an FDA-approved generic drug, Xulane® (norelgestromin and ethinyl estradiol).

2. Plaintiff Stephen Swinney alleges his wife, Megan Swinney ("Decedent"), died on April 4, 2020 as a result of pulmonary thromboembolism. (Ex. A, Compl. ¶¶ 6–7.)

3. Plaintiff alleges Decedent's thromboembolism and, by extension, her death was caused by her use of Xulane, which is a prescription-only birth control patch. (*Id.* ¶ 12.)

4. Plaintiff's primary theory of liability is failure to warn. More specifically, Plaintiff alleges Mylan should have provided stronger warnings in the label for Xulane regarding the risk of pulmonary embolism and deep vein thrombosis, particularly among women with a body mass index of 30 kg/m$^2$ or more. (*Id.* ¶¶ 8, 11.)

5. Plaintiff purports to pursue six "Counts" against Mylan: (i) "Strict Liability for Product Manufacturers"; (ii) "Failure to Warn"; (iii) "Failure to Timely Report Adverse Drug Experiences"; (iv) "Negligent Research and Testing"; (v) "Wrongful Death"; and (vi) "Punitive Damages." (*See generally*, *id.*)

## II. JURISDICTIONAL BASIS FOR REMOVAL

### A. Complete Diversity of Citizenship Exists Among the Parties

6. For individuals, citizenship for diversity jurisdiction is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

7. Plaintiff and his minor child, H.S., are domiciled in—and, therefore, citizens of—Georgia. (Compl. ¶¶ 1, 2.)

8. It can be presumed Decedent was domiciled with her husband. 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed.).

9. Moreover, Decedent's publicly available obituaries confirm she was a resident of Georgia at the time of her death.[1]

10. Accordingly, Mylan avers Decedent is a citizen of Georgia for purposes of removal and federal diversity jurisdiction. *McDonald v. Equitable Life Ins. Co. of*

---

[1] *See* https://www.echovita.com/us/obituaries/ga/chatsworth/megan-melissa-swinney-10672002 (last visited Apr. 12, 2022); https://www.peeplesfuneralhome.net/obituary/megan-swinney (last visited Apr. 12, 2022).

*Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) ("One such presumption [for purposes of diversity jurisdiction] is that the state in which a person resides at any given time is also that person's domicile.").

11. Mylan Pharmaceuticals Inc. is a West Virginia corporation with its principal place of business in West Virginia. Mylan Pharmaceuticals Inc. is therefore a citizen of West Virginia. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 n.1 (11th Cir. 2004) ("Rather than taking the citizenship of their members, corporations are citizens in the states of their incorporation and their principal place of business." [citing 28 U.S.C. § 1332(c)(1)]).

12. Viatris Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Viatris Inc. therefore is a citizen of Delaware and Pennsylvania. *Id.*

13. Viatris Specialty, LLC is a Delaware limited liability company whose sole member is Viatris Inc., which, as stated, is a Delaware corporation with its principal place of business in Pennsylvania. Viatris Specialty, LLC therefore is a citizen of Delaware and Pennsylvania. *Id.* at 1022 (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen").

14. Accordingly, complete diversity of citizenship exists among the parties, as Plaintiff, Decedent, and their minor child are citizens of Georgia and none of the Defendants is a citizen of Georgia.

### B.     The Matter in Controversy Exceeds $75,000

15. Plaintiff seeks damages "for the full value of the life of Megan Swinney in addition to her medical expenses, her pain and suffering, and the family's mental anguish in an amount to be proven at trial." (*See* Compl. at *ad damnum* clause.)

16. Plaintiff also demands punitive damages. (*See id.* ¶ 35.)

17. A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

18. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

19. Though the Complaint does not specify the total amount of damages sought, the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

20. In making its determination of whether the amount in controversy is satisfied, the Court may employ its judicial experience and common sense. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010).

21. The question is whether, in Plaintiff's wrongful-death lawsuit against a pharmaceutical manufacturer seeking punitive damages, it is more likely than not that a reasonable jury could value his lawsuit at over $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

22. "A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis original); *see also Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

23. Although Mylan denies Plaintiff is entitled to any damages whatsoever, it is obvious that the matter-in-controversy requirement is satisfied in this case.

24. Indeed, in the context of a product-liability wrongful-death lawsuit where the plaintiff did not specify the amount of damages sought, the Middle District of Alabama remarked:

7

> While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000. Indeed, the court cannot image a plaintiff's lawyer saying with a straight face that this wrongful-death case should be valued at no more than $75,000. Such a representation would fail the so-called "laugh test." Thus, the complaint "unambiguously" reflects that the amount involved is more than $75,000.

*Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) *aff'd*, 613 F.3d 1058 (11th Cir. 2010); *cf. Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more"; "[o]therwise a plaintiff will find herself in a federal court").

25.  Quite simply, that Plaintiff is "seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint." *Kammerdiener v. Ford Motor Co.*, No. 5:09-cv-2180, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010). This rule has been adopted by federal courts across the country.[2]

---

[2] *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (affirming propriety of federal jurisdiction in product-liability wrongful-death action where the complaint sought damages "in an amount in excess of Ten Thousand Dollars"); *Borquez v. Brink's Inc.*, No. 3:10-cv-380, 2010 WL 931882, at *5 (N.D. Tex. Mar. 12, 2010) (observing that a complaint alleging wrongful death "affirmatively reveals on its face that the damages sought exceeded

8

26. Mylan thus avers removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a)(1), 1441(a).

## III. PROCEDURAL ELEMENTS

27. Viatris Inc. was served on March 18, 2022.

28. Mylan Pharmaceuticals Inc. and Viatris Specialty, LLC were served on March 24, 2022.

29. This removal is timely as the Notice has been filed within 30 days of the service of the Complaint on the removing parties.

30. This action is properly removed to the United States District Court for the Northern District of Georgia, Rome Division, because Plaintiff's Complaint was originally filed in the Superior Court of Murray County, Georgia, which lies geographically within this judicial district and division. *See* 28 U.S.C. §§ 90(a)(3), 1441(a).

---

$75,000"); *Hogue v. State Farm Fire & Cas. Co.*, No. 2:08-cv-5000, 2009 WL 2525751, at *3 (E.D. La. Aug. 17, 2009) (denying remand because plaintiff's wrongful-death allegations "would lead one to reasonably infer from the face of the original petition that this claim likely exceeds $75,000"); *Stewart v. Glenburney Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *1 n.1 (S.D. Miss. Dec. 23, 2008) (denying remand because "it is facially apparent" that a wrongful-death action exceeds the threshold for removal); *Branson v. Medtronic, Inc.*, No. 5:06-cv-332, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) (where the plaintiff alleged that a defective medical device caused her husband's death, finding that the question of whether the amount-in-controversy requirement was met "is not even close"); *Angrignon v. KLI, Inc.*, No. 9:08-cv-81218, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) (concluding that "common sense" confirms that the matter-in-controversy threshold is met in a wrongful death action); *Barahona Rodriguez v. Kivett's Inc.*, No. 3:05-cv-738, 2006 WL 2645190, at *1 (S.D. Miss. Sept. 12, 2006) (denying remand because it is "facially apparent" that a wrongful-death complaint meets the federal jurisdictional limits).

31. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Each Defendant named in this action consents to and joins in this Notice of Removal.

32. Copies of all process, pleadings, and orders filed in the underlying state court action or served on Mylan are collectively attached hereto. (*See* Ex. B, State Court Docket Sheet; Ex. C, State Court Filings.)

33. Contemporaneously with the filing of this Notice of Removal, Mylan will give written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Superior Court of Murray County, Georgia (*See* Ex. D, Notice of Filing Notice of Removal.)

34. No previous application has been made for the relief requested in this Notice of Removal.

35. All procedural elements for removal have been satisfied.

IV. **RESERVATIONS AND REQUEST FOR ORAL ARGUMENT**

36. If any question arises as to the propriety of the removal of this action, Mylan respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

37. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter

including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

## V.   JURY DEMAND

38.   Mylan demands a trial by jury on all issues so triable.

WHEREFORE, Defendants Mylan Pharmaceuticals Inc., Viatris Specialty, LLC, and Viatris Inc. respectfully request this Honorable Court to exercise jurisdiction over this matter and to take any other action necessary to effectuate the removal of this action to the United States District Court for the Northern District of Georgia.

Dated: April 15, 2022         Respectfully submitted by:

/s/ C. Bradford Marsh
C. Bradford Marsh
Myrece Johnson
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree St., NE, Suite 300
Atlanta, GA 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

Clem C. Trischler (*pro hac* to be sought)
Jason M. Reefer (*pro hac* to be sought)

11

>
> PIETRAGALLO GORDON ALFANO
> BOSICK & RASPANTI, LLP
> One Oxford Centre, 38th Floor
> Pittsburgh, PA 15219
> Telephone: (412) 263-2000
> Facsimile: (412) 263-2001
> cct@pietragallo.com
> jmr@pietragallo.com
>
> *Counsel for Defendants Mylan Pharmaceuticals Inc., Viatris Specialty, LLC, and Viatris Inc.*

## **7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 15th day of April, 2022.

>
> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> */s/ C. Bradford Marsh*
> C. Bradford Marsh
> Georgia Bar No. 471280
> Myrece R. Johnson
> Georgia Bar No. 940301
> *Attorneys for Defendants*

The Peachtree, Suite 300
1355 Peachtree St. N.E.
Atlanta, Georgia 30309
Telephone: (404) 888-6151
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the attached **NOTICE OF REMOVAL** to be filed and served on counsel of record via the Court's ECF system as follows:

Nathan D. Lock, Esq.
Samuel L. Sanders, Esq.
MCCAMY, PHILLIPS, TUGGLE & FORDHAM LLP
P.O. Box 1105
Dalton, Georgia 30722-1105
nlock@mccamylaw.com
ssanders@mccamylock.com
*Counsel for Plaintiff*

This 15th day of April, 2022.

                              SWIFT, CURRIE, McGHEE & HIERS, LLP

                              */s/ C. Bradford Marsh*
                              C. Bradford Marsh
                              Georgia Bar No. 471280
                              Myrece R. Johnson
                              Georgia Bar No. 940301
                              *Attorneys for Defendants*

The Peachtree, Suite 300
1355 Peachtree St. N.E.
Atlanta, Georgia 30309
Telephone: (404) 888-6151
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

4868-5582-4412, v. 1